IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Petitioner,

v.                                                                   OPINION and ORDER

KEVIN CARR, DAVID MAHONEY, and                20-cv-976-jdp
LIEUTENANT BRIAN DRUMM,

                Respondents.

---

Petitioner Brandon D. Bradley, Sr., is in custody at Columbia Correctional Institution (CCI).[1] She has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, and she has been granted leave to proceed in forma pauperis. Dkt. 2. The next step is for me to conduct a preliminary review of her petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Bradley's petition doesn't clearly explain the grounds that she believes entitle her to habeas relief, so I will allow her to file an amended petition.

BACKGROUND

The following information is drawn from Bradley's petition and from public records of her state-court proceedings. Bradley challenges her convictions in five related cases in the Dane County Circuit Court.[2] She was charged with battery in 17-cm-1677 and sentenced to 90 days

---

[1] Bradley, who has also filed lawsuits under the name Brittney Bradley, is a transgender woman. *See Bradley v. Novak*, No. 20-cv-48 (W.D. Wis.). So I will use feminine pronouns to refer to Bradley.

[2] A habeas petitioner may file a single § 2254 petition attacking multiple judgments so long as they were issued by the same court. *Beyer v. Litscher*, 306 F.3d 504, 508 (7th Cir. 2002). Records of Bradley's state-court proceedings are available at Wisconsin Circuit Court Access,

in jail after she pleaded guilty, with a charge for victim intimidation dismissed but read in. During her pretrial detention on the battery charge, she was charged with violating Wis. Stat. § 946.43(2m)(a), which prohibits inmates from throwing or expelling bodily substances towards jail staff, in five separate cases: 17-cf-1836, 17-cf-1837, 17-cf-2136, 17-cf-2825, and 17-cf-2826.[3] She pleaded guilty to and was convicted of four of the charges, with the fifth, in the '1837 case, dismissed but read in, along with a charge for battery or threat to a judge, prosecutor, or law enforcement officer in the '2825 case. Bradley moved to withdraw her guilty pleas in each of these cases on July 31, 2020, and her motions to do so were denied on August 26.

ANALYSIS

Under Rule 2(c) of the Rules Governing Section 2254 Cases, Bradley's habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." This requirement is more demanding than what is required under Federal Rule of Civil Procedure 8. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The purpose of Rule 2(c) "is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243).

Bradley's petition doesn't meet Rule 2(c)'s requirements because it does not clearly state why Bradley believes that she is entitled to habeas relief. Most of the allegations in her petition are unrelated to the validity of the convictions in these cases, describing instead the

---

https://wcca.wicourts.gov/case.html.

[3] Bradley says in her petition that she means to challenge 17-cf-2137, but she has no case under that number, so I infer that she means to challenge 17-cf-2136.

conditions of her detention or details of other criminal cases for which she is not seeking relief. And her petition doesn't include enough information to allow me to determine whether her relevant factual allegations, if true, would entitle her to habeas relief. For example, she says that the arresting officer in the '1677 battery case convinced the victim to change his story and identify Bradley as the perpetrator. But she doesn't explain how the victim's statement factored into her decision to plead guilty or whether she raised the victim's statement when she attempted to withdraw her guilty plea. Likewise, she includes a few allegations concerning two attorneys who represented her, but she doesn't explicitly say that her counsel was ineffective or explain how their performance relates to her convictions.

Part of the problem is that Bradley has not used the court's form for § 2254 petitions. Rule 2(d) requires a § 2254 petition to "substantially follow" either the form prescribed by the Rules or the court's version of that form. I will direct the clerk of court to send a copy of the court's form to Bradley without charge. If Bradley wishes to file a new petition, she should use this form, which will help her organize the information she needs to present.

I will describe other problems with Bradley's petition to give her guidance if she files a new petition. First, she requests preliminary injunctive relief, including enjoining respondents from violating her rights in various ways, ordering her immediate transfer to another institution, and issuing unspecified restraining orders against multiple penal institutions. But this type of relief cannot be obtained in a habeas action. A state prisoner may obtain habeas relief "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[P]risoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350,

1350 (7th Cir. 2009). If Bradley wishes to seek injunctive relief, she must bring a separate action under 42 U.S.C. § 1983; she may not do so in her habeas petition.

Second, Bradley should name the warden of CCI, where Bradley is now housed, as the respondent, because "[t]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (alteration in original).

Third, Bradley's petition is difficult to understand. She is challenging multiple convictions on multiple grounds, but she doesn't explain how her allegations relate to her convictions or entitle her to relief, and most of her allegations appear to be entirely unrelated to the validity of the convictions she challenges. Using the court's form and removing allegations related to Bradley's request for injunctive relief will help with this problem somewhat. In her amended petition, Bradley should take care to clearly explain why each ground she asserts entitles her to relief and which grounds apply to which convictions. She should limit the factual allegations in her petition to the specific convictions she challenges.

ORDER

IT IS ORDERED that:

1. Petitioner Brandon D. Bradley, Sr. may have until November 19, 2020, to submit an amended petition that complies with Rule 2(c) of the Rules Governing Section 2254 Cases.

2. If Bradley fails to timely submit an amended petition explaining how her constitutional rights were violated, I will dismiss her petition without prejudice.

3. The clerk of court is directed to send a copy of the court's form for § 2254 petitions to Bradley.

Entered October 29, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge