IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                     Petitioner,

v.

LARRY FUCHS,

                     Respondent.

OPINION and ORDER

20-cv-976-jdp

---

Brandon D. Bradley, Sr., who is also known as Brittney Bradley, seeks a writ of habeas corpus under 28 U.S.C. § 2254. I dismissed her first petition without prejudice under Rule 4 of the Rules Governing Section 2254 Cases because it didn't clearly explain the grounds that she believes entitle her to habeas relief. Dkt. 4. Bradley then filed an amended petition, Dkt. 5, which I will now review under Rule 4.

Bradley was convicted in June 2019 in five related cases in the Dane County Circuit Court: 17CM1677, 17CF1836, 17CF2136, 17CF2825, and 17CF2826. Charges in a related case, 17CF1837, were dismissed but read in. I described these convictions in my prior order, Dkt. 4, at 1–2, so I will not describe them again here.

Bradley challenges her convictions on multiple grounds, contending that her trial counsel was ineffective for several reasons and that the police officer who arrested Bradley for battery improperly coached the victim to identify Bradley as the perpetrator. But her amended petition shows that she hasn't exhausted her remedies in state court, which is required before filing a petition in federal court under § 2254. 28 U.S.C. § 2254(b)(1)(A). To exhaust her state-court remedies, Bradley must present her claims through "at least one complete round of state-court review, whether on direct appeal of [her] conviction or in postconviction

proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A "complete round of state-court review" means that Bradley must assert her claims "at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

A convicted criminal defendant in Wisconsin state court usually challenges a conviction by filing a motion for postconviction relief in the circuit court under Wis. Stat. § 974.02, directly appealing the conviction to the Wisconsin Court of Appeals, or both. Wis. Stat. § 809.30(2) governs the deadlines for such challenges. Under that statute, it appears that Bradley's deadline to challenge her convictions under either method has likely passed. Bradley was sentenced and then resentenced in all of these cases because of confusion over whether her sentences should run concurrently or consecutively. Although Bradley filed § 974.02 motions after her initial sentences in each case were imposed, her most recent sentences, imposed on July 13, 2020, are the sentences that she must challenge. *See State v. Walker*, 2006 WI 82, ¶¶ 19–21, 292 Wis. 2d 326, 716 N.W.2d 498 (notice of intent to pursue postconviction relief regarding original sentence doesn't apply to resentencing). The state-court dockets for Bradley's cases show that she hasn't filed a motion for postconviction relief or a notice of appeal after her most recent sentences.[1] The Wisconsin court system's website also shows that Bradley hasn't filed any appeals in the Wisconsin Court of Appeals or the Wisconsin Supreme Court in these cases.[2]

---

[1] *See* Wisconsin Circuit Court Access, https://wcca.wicourts.gov.

[2] *See* Wisconsin Supreme Court and Court of Appeals Access, https://wscca.wicourts.gov.

Bradley says that she did not appeal her convictions in state court because the Wisconsin Supreme Court was "biased" against her regarding a complaint she filed accusing her trial attorney of misconduct. Dkt. 5, at 6. But a habeas petitioner "may not bypass the state courts simply because [s]he thinks they will be unsympathetic to [her] claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982).

If Bradley's deadline to directly challenge her convictions through a § 974.02 motion or through direct appeal hasn't yet expired, she must complete that process to exhaust her claims. But even if that deadline has passed, she may yet have remedies remaining in state court, as Wis. Stat. § 974.06 allows a convicted criminal defendant to challenge her conviction after the deadline to file a direct appeal or a motion for postconviction relief has passed. If Bradley's deadline to directly challenge her convictions has passed, that may make it difficult for her to seek relief under § 974.06, as she can raise a constitutional challenge that wasn't raised in a direct challenge only if the court determines that she had "sufficient reason" for her earlier failure to raise the claim. *State v. Escalona-Naranjo*, 185 Wis. 2d. 168, 517 N.W.2d 157, 163 (1994). But again, she must still exhaust her remedies in state court, even if those efforts appear unlikely to succeed. *Engle*, 456 U.S. at 130.

So I will dismiss this petition without prejudice. Bradley may file a new petition in this court under § 2254 only after she completes state-court review of each claim she wishes to pursue, up to and including the Wisconsin Supreme Court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But a dismissal without prejudice is not a final order, *Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015), so no certificate of appealability is required.

ORDER

IT IS ORDERED that Brandon D. Bradley, Sr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice to Bradley's refiling it after exhausting her state-court remedies.

Entered January 13, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge